ESTEBAN ASENCIO, ETC., Plaintiffs, Cross-defendants, and Appellees, *v.* G. LLINÁS & COMPAÑÍA, *S. en C.*, Defendant, Cross-claimant, and Appellant.

No. 9123.   Argued December 7, 1945.—Decided March 21, 1946.

*Luis López de Victoria* and *Leopoldo Tormes García* for appellant. *Pedro Baigés Gómez* and *José Rosario Gelpí* for appellees.

Mr. Chief Justice Travieso delivered the opinion of the court.

In this action of revendication, brought in the District Court of Mayagüez, the complaint alleged that plaintiff Asencio was the owner in fee of an undivided thirteen-sixteenths interest in each of the properties described in the complaint, which undivided interests he had acquired by purchase from Tomasa Ithier and her three minor children, by a deed of April 11, 1939; that the other plaintiffs, three minors surnamed Ruiz Ithier, were the owners in fee of the remaining three-sixteenths interest in each of said properties; that all of those interets were duly recorded in the names of the respective owners thereof, plaintiffs herein; and that the defendant partnership was withholding the possession of both properties and enjoying the products thereof, without good faith or just title and against the will of the plaintiffs. It was further alleged that the value of the rents and profits annually yielded by the two properties amounted to $5,000.

The defendant partnership denied all the essential averments of the complaint and on the contrary alleged that it was the owner in fee of both properties and held possession thereof since December 8, 1931; that on April 11, 1939, when Tomasa Ithier and her children conveyed to plaintiff Asencio the undivided thirteen-sixteenths parts of the properties, the grantors did not own any interest in the properties, since the latter at that time already belonged to the defendant; that in the alleged conveyance no consideration was involved, the transfer having been simulated for the purpose of defrauding the defendant, to which Pedro Ruiz Ruperto, predecessor in interest of the plaintiff minors, owed over $3,500, of which fact all the plaintiffs had knowledge. The defendant further alleged that when the conveyance was executed in favor of plaintiff Asencio, on April 11, 1939, the properties were still recorded in the names of Pedro Ruiz Ruperto and his wife Tomasa Ithier, subject to a notice of the attachment

decreed in favor of the defendant partnership in civil case No. 15,023 of the District Court of Mayagüez; and that even though the defendant had not recorded its title to the properties, the defendant held the full ownership thereof since December 8, 1931, in virtue of the public deed which was executed on that date by the marshal in satisfaction of the judgment rendered in its favor in said case.

The defendant partnership filed a cross complaint in which, as a first cause of action, it alleged that it had obtained a judgment in its favor in an action brought by it against Tomasa Ithier and the heirs of Pedro Ruiz Ruperto to recover on an account for agricultural advances and on certain commercial obligations amounting in all to $3,511.99; that said judgment was executed and a public sale of property belonging to the heirs was held, which included the two properties awarded to it by the marshal on December 8, 1931; that immediately after the execution of the marshal's deed, Tomasa Ithier for herself and on behalf of her children delivered the actual possession of both properties to the defendant partnership; and that ever since that date, G. Llinás & Co., *S. en C.*, has held possession of the properties publicly, peaceably, in good faith, and under a just title. It was further alleged, as a part of the first cause of action, that plaintiff Asencio, with full knowledge of those facts and of the title held by G. Llinás & Co. and acting in bad faith and fraudulently, caused to be executed in his favor the deed of April 11, 1939, whereby the undivided interests mentioned in the complaint were conveyed to him; that at the time said deed was executed, the other plaintiffs knew that they had no title to the properties.

The plaintiffs and cross-defendants answered and specifically denied the allegations of the cross complaint. They set up, among other special defenses, the nullity of the execution and of the public sale of the properties.

The lower court rendered a judgment in favor of the plaintiffs, which it based on the following grounds:

1. That notice of the judgment rendered against the heirs of Pedro Ruiz Ruperto was not properly served on the defendants, because the envelope containing the notice addressed to "Mrs. Tomasa Ithier, Barrio Quemado, Mayagüez, P.R.," was returned as it had not been claimed by the addressee; and since the judgment was executed before it became final (*firme*), the auction, the public sale, and the marshal's deed were null and void.

2. That said judgment was void because it had been entered by the clerk in contravention of § 194 of the Code of Civil Procedure, inasmuch as no liquidated sum, accepted by the debtor, was claimed in any of the three causes of action set forth in the complaint.

The defendant partnership thereupon took the present appeal, and it urges that the lower court erred: (a) In holding that notice of the judgment rendered against the heirs of Pedro Ruiz Ruperto was not properly served on the defendants; and (b) in holding that said judgment was void because it had been entered by the clerk without the intervention of the court.

■■ Section 2 of the Act to amend §§ 92, 123, 227, and 299 of the Code of Civil Procedure (1933 ed.), p. 139, provides that in the cases in which an appeal may be taken "it shall be the duty of the secretary of the court to mail a written notice to the losing party or his attorney when the judgment is rendered... notifying him of the rendition of the judgment."

In *Sánchez* v. *de Jesús*, 39 P.R.R. 761, the plaintiff alleged that he had never received the notice of the decree of divorce rendered against him, and that said notice had been returned to the clerk of the district court by the postal authorities. This court upheld the sufficiency of the service, saying:

"The losing party or his attorney is not obliged to rely upon a perfunctory performance of the duty thus imposed upon the secretary. If he elects to depend upon the secretary and upon the post office and does not attempt to ascertain the result of a trial, he can not complain if the statutory notice be not received through the reg-

ular channel. All that the law requires of the secretary is that he shall send the notice by mail and file a copy thereof. The time within which an appeal may be taken begins to run from the date of the filing of such notice, not from the date upon which it is received by the losing party.''

The defendant heirs were summoned and served with a copy of the complaint filed by G. Llinás & Co., and were warned that if they failed to appear judgment would be taken against them for the sums claimed by the plaintiff partnership. It was incumbent on the defendants to furnish the clerk with a more accurate address, to which all notices required to be served on them in connection with said action should be sent and which might offer greater safety in the delivery of said notices. They had an ample opportunity to do so but they failed to take advantage of it. Their own negligence has been the cause of their failure to receive timely notice of the judgment.

The lower court erred in declaring the nullity of the service of notice of the judgment, of the public sale, and of the conveyance executed by the marshal in favor of the defendant partnership.

■■ The second question to be decided is whether the clerk of the district court was empowered to enter judgment against the defendant heirs without the intervention of the court.

At the trial the defendant partnership introduced in evidence page 20 of the record of civil case No. 15,023, G. Llinás & Co., *S. en C. v.* Tomasa Ithier *et al.,* which contains the default judgment entered on May 19, 1931, and page 22 of the same record, which shows the notice of the judgment served by the clerk. Neither of the parties presented as evidence the complaint filed in civil case No. 15,023. We lack therefore the necessary means to ascertain what were the allegations of said complaint or to determine therefrom whether the clerk was authorized to enter said judgment.

Section 464 of the Code of Civil Procedure (1933 ed.) enumerates, among the disputable presumptions which may be controverted by other evidence, the following: "20. That the ordinary course of business has been followed" and "32. That the law has been obeyed."

It was the plaintiffs who alleged that the law had not been complied with; and it was incumbent upon them to introduce the necessary evidence to controvert the presumption of legality which attaches to every judgment. Since it does not appear from the transcript of the record that any evidence was introduced for that purpose, we can not reach any conclusion other than that the lower court erred in considering as void the judgment entered by the clerk in favor of the partnership G. Llinás & Co., *S. en C.*

The judgment appealed from should be reversed and another rendered instead dismissing the complaint, with costs against the plaintiffs.

Mr. Justice Córdova did not participate herein.